JOHN ZILEI ZHONG
3333 S. Brea Canyon Road, Suite 101
Diamond Bar, California 91765
Telephone: (626) 991-3676
Email: info@zhongtax.com
Plaintiff, In Pro Per

FILED
CLERK, U.S. DISTRICT COURT
3/25/2026
CENTRAL DISTRICT OF CALIFORNIA
BY jji DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

FEE PAID

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

**JOHN ZILEI ZHONG,**
**Plaintiff,**
**v.**
**LAW SCHOOL ADMISSION COUNCIL, INC., a Delaware nonprofit corporation,**
**Defendant.**

Case No. 2:26-cv-03406-JFW-MAR(x)

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, AND VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200

DEMAND FOR JURY TRIAL

Plaintiff John Zilei Zhong alleges as follows:

## I. INTRODUCTION

1. This is an individual diversity action seeking declaratory and injunctive relief, contract damages, consequential damages, and restitution arising out of Defendant Law School Admission Council, Inc.'s ("LSAC") refusal to complete review of Plaintiff's Chinese academic credentials unless Plaintiff supplies CSSD/CHSI verification that LSAC knows, or at minimum has repeatedly been told and shown, is unavailable for Plaintiff's 1988 credentials.

2. Plaintiff graduated in July 1988 from Shanghai Institute of Mechanical Engineering, the predecessor institution to the University of Shanghai for Science and Technology. The university later issued an official sealed verification letter confirming Plaintiff's graduation, the authenticity and completeness of the academic records submitted on his behalf, and the historical unavailability of CSSD verification for graduates before 2000.

3. Plaintiff also generated and preserved materials from the official CHSI/CSSD portal stating that only academic qualifications obtained since 2001 and academic degrees obtained since September 2008 are supported for online verification.

4. Plaintiff nevertheless complied with LSAC's direct-mail requirement by arranging for his institution to send official academic records to LSAC in Chinese and English. LSAC acknowledged receipt of those records but insisted on additional CSSD reports and kept Plaintiff's international record incomplete.

5. California law does not permit a contracting party to deprive the other side of the benefit of the bargain by insisting on a condition that is objectively unavailable in the ordinary course, by preventing or rendering impossible satisfaction of a condition precedent, or by exercising contractual discretion in bad faith. See Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342, 371-73 (1992); Locke v. Warner Bros., Inc., 57 Cal. App. 4th 354, 363-

67 (1997); Mineral Park Land Co. v. Howard, 172 Cal. 289, 293 (1916); JMR Constr. Corp. v. Envtl. Assessment & Remediation Mgmt., Inc., 243 Cal. App. 4th 571, 595 (2015).

6. LSAC's conduct has disrupted Plaintiff's law-school application timeline, impaired Plaintiff's opportunity to compete for current-cycle admission and scholarship consideration at Southwestern Law School, which Plaintiff estimates at approximately $75,000 in potential scholarship aid, and threatened the loss of approximately one academic year of legal study. Plaintiff alleges these injuries are ongoing, difficult to fully quantify, and therefore support both consequential damages and equitable relief.

## II. JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff is, and at all relevant times was, a citizen of California.

8. Defendant Law School Admission Council, Inc. ("LSAC") is a Delaware nonprofit corporation. Its registered office in Delaware is Corporation Trust Center, 1209 Orange Street, Wilmington, County of New Castle, Delaware 19801, and, on information and belief, its principal place of business is 662 Penn Street, Newtown, Pennsylvania 18940. LSAC is therefore a citizen of Delaware and Pennsylvania for purposes of 28 U.S.C. § 1332(c)(1).

9. The amount in controversy exceeds $75,000, exclusive of interest and costs, because Plaintiff seeks compensatory and consequential damages arising from the loss and delay of a law-school application cycle, including a lost opportunity to compete for scholarship aid Plaintiff estimates at approximately $75,000 at Southwestern Law School, restitution of fees and expenses, and injunctive and declaratory relief whose value to Plaintiff exceeds $75,000 when measured by the value of timely completion of LSAC's credential process to Plaintiff's legal-education and professional plans.

10. This Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201-2202 because an actual controversy exists within the Court's diversity jurisdiction.

11. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District, performed material parts of the transaction in this District, suffered injury in this District, and LSAC purposefully provides Credential Assembly Service and international credential-processing services to applicants in this District.

12. Divisional assignment to the Western Division is appropriate because Plaintiff resides in Los Angeles County.

## III. PARTIES

13. Plaintiff JOHN ZILEI ZHONG is an individual residing at 3333 S Brea Canyon Road, Ste 101, Diamond Bar, California 91765.

14. Defendant LAW SCHOOL ADMISSION COUNCIL, INC. is a Delaware nonprofit corporation that provides law-school admission-related services nationwide, including the Credential Assembly Service and international transcript-processing services. Its registered office in Delaware is Corporation Trust Center, 1209 Orange Street, Wilmington, County of New Castle, Delaware 19801, and, on information and belief, its principal place of business is 662 Penn Street, Newtown, Pennsylvania 18940.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff's original academic name was Zilei Zhong.

16. In connection with naturalization, the United States District Court, Central District of California granted Plaintiff's petition to change his legal name to John Zilei Zhong on June 5, 2008. See Exhibit F.

17. Plaintiff graduated in July 1988 from Shanghai Institute of Mechanical Engineering.

18. The institution later changed names. An official bilingual school announcement states that Shanghai Institute of Mechanical Engineering was renamed East China University of Technology in 1994 and that, in 1996, it merged and became the University of Shanghai for Science and Technology. See Exhibit E.

19. LSAC markets and sells the Credential Assembly Service and international transcript authentication and evaluation services to applicants seeking admission to law school.

20. LSAC's published policy for international transcripts states that international academic records must be mailed directly from the issuing institution in a sealed school envelope and, for applicants educated in China, LSAC also requires CSSD verification reports.

21. Plaintiff purchased LSAC's relevant services and maintained LSAC account number L41034939.

22. Plaintiff caused his university to send official academic records to LSAC in Chinese and English, together with institutional certification.

23. On January 30, 2026, LSAC sent Plaintiff a letter acknowledging receipt of the transcript and graduation certificate in Chinese and English for Plaintiff's Bachelor of Engineering from Shanghai Institute of Mechanical Engineering. See Exhibit A.

24. In the same letter, LSAC stated that it would not process the records and demanded official CSSD verification reports for transcripts, as well as degree and graduation certificate verifications. See Exhibit A.

25. Plaintiff promptly supplied proof of his legal name change from Zilei Zhong to John Zilei Zhong. See Exhibit F.

26. Plaintiff followed LSAC's instructions and accessed the official CHSI/CSSD portal to attempt identity verification and credential verification using his academic name and diploma number 880166.

27. The official bilingual CHSI/CSSD materials state that only academic qualifications obtained since 2001 and academic degrees obtained since September 2008 are supported for verification. See Exhibit B.

28. Plaintiff's credentials fall outside both date ranges because he graduated in July 1988.

29. On January 12, 2026, the University of Shanghai for Science and Technology issued an official institutional verification letter, bearing the university seal, confirming that Plaintiff completed his undergraduate studies at the institution now known as the University of Shanghai for Science and Technology and graduated in July 1988. See Exhibits C and D.

30. The same letter states that the transcript and graduation documents submitted in connection with Plaintiff's file are true, complete, and official records maintained by the institution or its authorized archival office. See Exhibits C and D.

31. The same letter further states that, due to the historical period of graduation and record-keeping practices in place at that time, verification through the Chinese Service Center for Scholarly Exchange (CSSD) is not available for graduates prior to the year 2000. See Exhibits C and D.

32. Plaintiff repeatedly explained the CHSI/CSSD limitation and supplied screenshots, the university's sealed letter, and name-change proof to LSAC.

33. LSAC nevertheless continued to insist that Plaintiff obtain CSSD/CHSI verification for transcript, qualification certificate, and degree verification, and advised Plaintiff on multiple occasions that his file could not be completed without those reports.

34. In email correspondence reflected in Plaintiff's records, LSAC represented that it had received pre-2001 verification reports from other applicants and that CSSD had indicated verification reports were available, but LSAC did not

provide Plaintiff with any workable alternate path that actually overcame the portal's date restriction for Plaintiff's 1988 credentials.

35. LSAC also advised Plaintiff that his CAS report could not be transmitted until the international evaluation was complete and other prerequisites were met.

36. Plaintiff has done all that LSAC could reasonably require from him to demonstrate the authenticity of his 1988 credentials: he arranged for institution-issued records to be mailed directly, provided bilingual and sealed school certifications, proved his legal name change, and attempted the CHSI/CSSD process itself.

37. LSAC's refusal to use any alternative verification method has left Plaintiff with an incomplete file despite the existence of reliable primary-source documentation.

38. Plaintiff planned to sit for the April 2026 LSAT and apply to law schools on a specific admissions timeline, including Southwestern Law School.

39. Because LSAC kept Plaintiff's academic record incomplete, Plaintiff alleges the value of his planned April 2026 LSAT and admissions cycle was materially diminished, his application strategy and schedule were disrupted, and his opportunity to compete for timely admission and scholarship consideration at Southwestern Law School was materially impaired.

40. Plaintiff has spent time, money, and effort pursuing unavailable CSSD/CHSI verification, corresponding with LSAC, obtaining institutional letters, translating records, mailing original documents, and preserving proof; and because his file remained incomplete during the cycle, he faces delay of roughly one academic year of legal study.

41. Plaintiff has suffered monetary loss, delay, lost educational opportunity, and consequential damages attributable to LSAC's refusal to accept alternative verification despite objective unavailability of the demanded verification path. Those consequential damages include, according to proof, the lost opportunity to

compete for scholarship assistance at Southwestern Law School that Plaintiff estimates at approximately $75,000 for the current year.

## V. FIRST CLAIM FOR RELIEF

**42. Declaratory Relief (28 U.S.C. §§ 2201-2202)**

43. Plaintiff realleges and incorporates by reference paragraphs 1 through 41 as though fully set forth herein.

44. An actual and immediate controversy exists between Plaintiff and LSAC concerning whether LSAC may refuse to complete review of Plaintiff's 1988 Chinese academic records absent CSSD/CHSI verification even when LSAC has received official institution-issued records mailed directly and a sealed university verification letter stating CSSD is unavailable for pre-2000 graduates.

45. Under the Declaratory Judgment Act, a live controversy of sufficient immediacy and reality supports declaratory relief. See MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007); Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941).

46. Plaintiff seeks a declaration that: (a) LSAC may not deem Plaintiff's 1988 record incomplete solely because CSSD/CHSI verification is unavailable by year-of-graduation limitation; (b) Plaintiff's institution-issued records and sealed university verification letter are sufficient to require LSAC to conduct a good-faith evaluation of his credentials; and (c) LSAC must provide or consider a reasonable alternative verification process consistent with its contractual obligations and California law.

## VI. SECOND CLAIM FOR RELIEF

**47. Breach of Contract**

48. Plaintiff realleges and incorporates by reference paragraphs 1 through 41 as though fully set forth herein.

49. Under California law, the elements of a breach-of-contract claim are the existence of a contract, plaintiff's performance or excuse for nonperformance,

defendant's breach, and resulting damage. See Oasis West Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011).

50. Plaintiff entered into a contract with LSAC by purchasing LSAC's relevant applicant services and complying with LSAC's published submission requirements.

51. LSAC promised, in exchange for payment and compliance with its document procedures, to receive, review, and process Plaintiff's credentials in good faith and in accordance with its own stated requirements.

52. Plaintiff performed, or was excused from further performance. He arranged direct transmission of institution-issued academic records, supplied name-change proof, and attempted the CHSI/CSSD verification process. To the extent LSAC characterizes CSSD/CHSI verification as a condition precedent, Plaintiff alleges that condition is excused because the official CHSI/CSSD system and the issuing university both confirm that the demanded verification is unavailable for pre-2000 graduates. See Cal. Civ. Code § 1511(1); Mineral Park Land Co. v. Howard, 172 Cal. 289, 293 (1916); JMR Constr. Corp. v. Envtl. Assessment & Remediation Mgmt., Inc., 243 Cal. App. 4th 571, 595 (2015).

53. LSAC breached the contract by refusing to complete review of Plaintiff's credentials unless Plaintiff produced unavailable CSSD/CHSI verification and by disregarding reliable institution-issued records mailed directly from the source institution.

54. As a direct and proximate result, Plaintiff suffered damages according to proof, including service fees, document and translation expenses, delay-related losses, and lost application-cycle opportunity. California contract damages include the amount that will compensate for all detriment proximately caused or likely to result in the ordinary course of events, including consequential damages that were foreseeable. See Cal. Civ. Code § 3300; Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist., 34 Cal. 4th 960, 968-70 (2004).

Plaintiff alleges those consequential damages include a lost opportunity to compete for scholarship aid at Southwestern Law School and the delay of approximately one academic year of legal study.

## VII. THIRD CLAIM FOR RELIEF

**55. Breach of the Implied Covenant of Good Faith and Fair Dealing**

56. Plaintiff realleges and incorporates by reference paragraphs 1 through 54 as though fully set forth herein.

57. Under California law, every contract imposes on each party a covenant of good faith and fair dealing. See Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342, 371 (1992); Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 349-50 (2000).

58. When a contract confers discretionary power affecting another party's rights, that discretion must be exercised honestly and in good faith and not in a way that frustrates the contract's benefits. See Locke v. Warner Bros., Inc., 57 Cal. App. 4th 354, 367 (1997).

59. LSAC exercised, or claimed discretion over, whether Plaintiff's direct-mail records and sealed university verification were sufficient to complete review.

60. LSAC breached the implied covenant by mechanically insisting on a verification path that its applicant could not access by reason of immutable graduation-year limits, despite having received primary-source institutional records and direct notice of the portal's limitation. A party vested with discretionary power breaches the covenant when it exercises that power in a manner that frustrates the agreement's benefits. See Locke v. Warner Bros., Inc., 57 Cal. App. 4th 354, 367 (1997).

61. LSAC's conduct deprived Plaintiff of the central benefit of the bargain: a good-faith evaluation and processing of his foreign academic credentials within the admissions cycle for which he paid.

62. Plaintiff has been damaged in an amount according to proof.

## VIII. FOURTH CLAIM FOR RELIEF

**63. Violation of California Business and Professions Code § 17200**

64. Plaintiff realleges and incorporates by reference paragraphs 1 through 62 as though fully set forth herein.

65. California's Unfair Competition Law prohibits any unlawful, unfair, or fraudulent business act or practice. Cal. Bus. & Prof. Code § 17200. Its coverage is sweeping, and the statute authorizes injunctive relief and restitution to halt unfair practices. See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999); Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1144-45 (2003).

66. Plaintiff lost money or property and therefore has standing under section 17204 because he paid LSAC fees and incurred document, translation, and mailing expenses in reliance on LSAC's service while receiving no completed evaluation. See Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 322-24 (2011).

67. LSAC's conduct is unfair because it conditions completion of service on a verification mechanism that, for Plaintiff's graduation cohort, is unavailable according to both the official CHSI/CSSD portal and the issuing university's sealed letter, while offering no reasonable alternative method that would preserve the benefit of the bargain within the admissions cycle.

68. LSAC's conduct is unlawful because it constitutes breach of contract and breach of the implied covenant of good faith and fair dealing as alleged herein.

69. Unless enjoined, LSAC will continue to apply the same practice to Plaintiff's file and thereby continue the injury described above. Legal damages alone are inadequate to fully repair the loss of timely admissions review, scholarship consideration, and one academic year of study. See eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006); Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

70. Plaintiff seeks restitution, declaratory relief, and preliminary and permanent injunctive relief as permitted by California Business and Professions Code sections 17203 and 17204.

## IX. PRAYER FOR RELIEF

71. WHEREFORE, Plaintiff respectfully requests judgment against Defendant LSAC as follows:

72. For a declaration that LSAC may not deem Plaintiff's 1988 academic record incomplete solely because CSSD/CHSI verification is unavailable by graduation-year limitation and that LSAC must undertake a good-faith evaluation using the institution-issued records and sealed verification already supplied;

73. For preliminary and permanent injunctive relief directing LSAC to complete review of Plaintiff's 1988 credentials using institution-issued records and reasonable alternative verification, and prohibiting LSAC from refusing to process Plaintiff's file solely because CSSD/CHSI verification is unavailable for his graduation cohort;

74. For compensatory and consequential damages according to proof on Plaintiff's contract-based claims, including lost application-cycle opportunity, lost opportunity to compete for scholarship aid, and educational delay to the extent recoverable under California law;

75. For restitution of fees and out-of-pocket expenses to the extent authorized by law;

76. For costs of suit, pre-judgment interest where allowed, and such other and further relief as the Court deems just and proper.

## X. DEMAND FOR JURY TRIAL

77. Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: 03/25/2026

JOHN ZHONG

______________________________

JOHN ZILEI ZHONG

Plaintiff, In Pro Per

## APPENDIX A

## EXHIBIT INDEX

Exhibit A. LSAC letter dated January 30, 2026 acknowledging receipt of Plaintiff's Chinese and English records for a Bachelor of Engineering from Shanghai Institute of Mechanical Engineering and demanding CSSD verification.

Exhibit B. Official CHSI/CSSD verification materials showing that only academic qualifications obtained since 2001 and academic degrees obtained since September 2008 are supported for verification.

Exhibit C. English institutional verification letter dated January 12, 2026 from the University of Shanghai for Science and Technology, bearing the university seal, confirming Plaintiff's July 1988 graduation and stating that CSSD verification is unavailable for graduates prior to 2000.

Exhibit D. Chinese original of the institutional verification letter dated January 12, 2026 bearing the university seal.

Exhibit E. Bilingual school-name-change announcement documenting the transition from Shanghai Institute of Mechanical Engineering to East China University of Technology and then to the University of Shanghai for Science and Technology.

Exhibit F. Redacted petition for name change and court certification showing the change from Zilei Zhong to John Zilei Zhong.

# APPENDIX B

# EVIDENCE INDEX

1. Exhibit A may be authenticated by Plaintiff as a true and correct copy of correspondence received from LSAC. It is relevant to show LSAC's receipt of Plaintiff's records and LSAC's stated CSSD demand.

2. Exhibit B may be authenticated by Plaintiff as a true and correct capture from the official CHSI/CSSD portal generated during Plaintiff's attempts to obtain the demanded verification. It is relevant to show the portal's date-based limitation on supported verifications.

3. Exhibits C and D may be authenticated through Plaintiff's testimony, the documents' official seals, the transmitting institution's records, and any additional certification or translation foundation Plaintiff later supplies. They are relevant to authenticity of the academic records and to the university's statement that CSSD verification is unavailable for pre-2000 graduates.

4. Exhibit E may be authenticated through Plaintiff's testimony and the document's appearance and seal. It is relevant to establish institutional continuity and explain the relationship between the historical school name on Plaintiff's records and the university's current name.

5. Exhibit F may be authenticated as Plaintiff's redacted official name-change petition and court certification. It is relevant to explain the difference between Plaintiff's historical academic name and his current legal name.

6. Appendix C, paragraph 13, may be authenticated by Plaintiff as testimony based on personal knowledge. It is relevant to damages, irreparable harm, Plaintiff's Southwestern Law School application timeline, alleged lost opportunity to compete for approximately $75,000 in scholarship assistance, and delay of one academic year.

# APPENDIX C

## DECLARATION OF JOHN ZILEI ZHONG

1. I am the Plaintiff in this action. I make this declaration from my personal knowledge, and if called as a witness I could and would testify competently to the matters stated herein.

2. My original academic name was Zilei Zhong. My present legal name is John Zilei Zhong.

3. I completed my undergraduate studies at Shanghai Institute of Mechanical Engineering and graduated in July 1988.

4. After LSAC advised me that the name on my academic documents did not match the name in my LSAC account, I provided proof of my legal name change. The documents attached as Exhibit F are true and correct copies of my name-change and naturalization records.

5. The documents attached as Exhibit A are a true and correct copy of the January 30, 2026 letter I received from LSAC concerning my academic records and LSAC account number L41034939.

6. After receiving LSAC's demand for CSSD/CHSI verification, I attempted to use the official CHSI/CSSD portal by entering my academic information, including my historical academic name and diploma number 880166.

7. The documents attached as Exhibit B are true and correct copies of materials I generated or preserved from the official CHSI/CSSD portal during that process. Those materials state that only academic qualifications obtained since 2001 and academic degrees obtained since September 2008 are supported for verification.

8. Because I graduated in 1988, the CHSI/CSSD process described in Exhibit B did not provide an online verification route for my credentials.

9. The documents attached as Exhibits C and D are true and correct copies of the institutional verification letter that I obtained from the University of Shanghai for Science and Technology. The university issued that letter with an official

seal and stated that I graduated in July 1988, that the submitted academic records are true and complete official records, and that CSSD verification is not available for graduates prior to the year 2000.

10. The document attached as Exhibit E is a true and correct copy of the university's bilingual announcement concerning the historical name changes of my institution.

11. I repeatedly informed LSAC by email that the CHSI/CSSD portal denied or limited verification based on my graduation year and that my university had already supplied sealed institutional verification.

12. As of the time I prepared this pleading, LSAC had not completed review of my academic credentials without CSSD/CHSI verification.

13. I planned to sit for the April 2026 LSAT and pursue law-school applications on a particular timeline, including an application to Southwestern Law School. Because LSAC did not complete review of my academic record, I believe I lost a fair current-cycle opportunity to compete for scholarship assistance there, which I estimate at approximately $75,000, and I face delay of about one academic year. Those harms are ongoing and cannot be fully repaired by a fee refund alone.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 03/25/2026, 2026, at Diamond Bar, California.

john zhong
______________________________

JOHN ZILEI ZHONG

Declarant

# EXHIBIT APPENDIX

John Zilei Zhong v. Law School Admission Council, Inc.

Exhibit A - LSAC letter dated January 30, 2026 (redacted)

Exhibit B - Official CHSI/CSSD verification limitation page

Exhibit C - English institutional verification letter

Exhibit D - Chinese institutional verification letter

Exhibit E - School name-change announcement

Exhibit F - Redacted name-change petition and court certification

# Exhibit A - LSAC Letter Dated January 30, 2026 (Redacted)

**Law School Admission Council**

662 Penn Street
PO Box 2000
Newtown, PA 18940-0998 USA
P: 215.968.1001 F: 215.968.1119

**Law School Credential Services**

JOHN ZHONG
Account Number:
January 30, 2026

Dear Applicant:

Please refer to the message below regarding an international institution(s) on your account.

We have received your transcript and graduation certificate in Chinese and English for Bachelor of Engineering from Shanghai Institute of Mechanical Engineering. However, we cannot process the documents because the name on the documents does not match the name in your account.

If the name on your account is incorrect, please send us an email with proof of the correct name (such as a passport or birth certificate) and we will update the account, and then processes the documents. If the name on your account is correct, you will need to contact the university and have them change their records and resend the corrected documents.

Also, in addition to mark this listing complete we will need to receive:

- Official verification reports for transcripts, as well as degree and graduation certificate verifications from the Center for Student Services and Development (CSSD).

CSSD verification reports should be sent by selecting LSAC – Law School Admission Council from the Institutional Recipient List of International Cooperative Application.

We encourage you to direct any questions you might have to the phone number above, or e-mail us at LSACinfo@LSAC.org.

Best Regards,

The Credential Processing Group
Law School Admission Council

JOHN ZHONG
CHINO HILLS, CA

# Exhibit B - CHSI/CSSD Verification Limitation Page

## 个人身份核验 / Personal Identity Verification

为了保障您的信息安全，请输入高等教育的学业信息进行核验，核验通过后才能查看信息。
To ensure the security of your information, please enter your higher-education academic information for verification. You will only be able to view the information after passing verification.

○ 在校大学生 / Current University Student
● 已获学历/学位 / Already Obtained Degree

学校 / School / Institution：
上海机械学院（Shanghai Institute of Technology）
学历/学位证书编号 / Diploma or Degree Certificate Number：
880166
【验证】 / [Verify]
说明 / Note：
仅支持对2001年以来获得的学历、2008年9月以来获得的学位进行核验。
Only academic qualifications obtained since 2001 and academic degrees obtained since September 2008 are supported for verification.

# Exhibit C - English Institutional Verification Letter

**Institution Verification Letter**

*This letter is to certify that Mr. Zhong Zilei completed his undergraduate studies at the institution now known as University of Shanghai for Science and Technology and graduated in July 1988.*

*The academic transcript and graduation documents issued in connection with this submission are true, complete, and official records maintained by this institution or its authorized archival office.*

*Due to the historical period of graduation and record-keeping practices in place at that time, verification through the Chinese Service Center for Scholarly Exchange (CSSD) is not available for graduates prior to the year 2000.*

*This letter is issued at the request of the graduate solely for academic credential verification purposes.*

Authorized Representative:
Registrar / Academic Records Office
University of Shanghai for Science and Technology
*(Official Seal)*
*Date: January 12, 2026*

教务处
证明专用章

# Exhibit D - Chinese Institutional Verification Letter

**学校学籍与学历情况证明函**

兹证明：钟子磊先生于 1988 年 7 月完成本科阶段学习并毕业，其就读院校为现称“上海理工大学（University of Shanghai for Science and Technology）”。

本次提交的成绩单及毕业相关文件，均为本校（或本校授权档案管理部门）依法保存并出具的真实、完整、有效的正式学籍与学历档案。

鉴于毕业时间早于 2000 年，根据当时学籍管理制度及现行政策，中国教育部留学服务中心（CSSD）不对该时期毕业生提供学历或成绩认证服务。

本证明函应毕业生本人申请出具，仅用于学术资格与学历核实之目的。

经办人／授权代表：
教务处／学籍档案管理部门
上海理工大学
（学校公章）
日期：2026 年 01 月 12 日

上海理工大学
教务处
证明专用章

# Exhibit E - School Name-Change Announcement

## 关于我校校名变更的说明

经国家教育委员会 1994 年 2 月 5 日批准，上海机械学院更名为华东工业大学。

经国家教育委员会 1996 年 5 月 28 日批准，华东工业大学与上海机械高等专科学校合并组建上海理工大学。

上海理工大学

一九九九年二月一日

February 1st, 1999

## Announcement

Dear Sir or Madam,

Re: The Changing of Our School Name

This is to inform you that authorized by the State Education Commission, Shanghai Institute of Mechanical Engineering was renamed East China University of Technology on Feb 5th, 1994. And the amalgamation of the latter with Shanghai Institute of Mechanical Technology was approved by the State Education Commission on May 28th, 1996; then named University of Shanghai for Science and Technology.

Yours sincerely,

University of Shanghai for Science and Technology

**Exhibit F - Redacted Name-Change Petition and Court Certification**

[redacted] [redacted]

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services

**Petition for Name Change**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**(NAME OF COURT)**

**As part of the naturalization process, you have the opportunity to legally change your name. Please complete lines 1 - 8 (Type or print clearly).**

**My full and correct name (current name):**

**1.** ZILEI ______ ZHONG
**(FIRST)** **(MIDDLE)** **(LAST)**

**2. Addre** Hacienda Heights, CA

**3. Country of Nationality:** China, People's Republic Of

**4. Date of Bi** 1966
**(Month) (Day) (Complete Year)**

**5. Alien Registration Card (Green Card) Number:** _

**6. I certify that I am not seeking a change of name for any unlawful purpose such as the avoidance of debt or evasion of law enforcement.**

**7. I petition the court to change my name to:**

JOHN ZILEI ZHONG
**(FIRST)** **(MIDDLE)** **(LAST)**

**8. Date:** 7/25/2006

CERTIFICATION OF NAME CHANGE

I CERTIFY THAT THE ABOVE PETITION WAS GRANTED BY THE COURT ON JUN 05 2008
**(Date)**

SHERRI R. CARTER
**(Clerk)**

**(Deputy Clerk)**

**IMPORTANT INFORMATION**

**Your copy of this petition, along with your Certificate of Naturalization, which you will receive upon taking the oath of allegiance, will verify that you elected to change your name. Your Certificate of Naturalization bears your new name as changed per Order of the Court.**

Form N-XXX (11/1/98)